**Roy Ray GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–98–00242–CR.**

Court of Appeals of Texas,
San Antonio.

March 3, 1999.

Jay Robert Brandon, Law Office of Jay Brandon, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice and SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

Roy Ray Garcia ("Garcia") appeals his capital murder conviction. In two points of error, Garcia asserts that the trial court erred by: (1) overruling his motion to suppress two witnesses' identification of him; and (2) admitting three autopsy photographs into evidence. We overrule these contentions and affirm the trial court's judgment.

### SUPPRESSION OF IDENTIFICATION

In his first point of error, Garcia contends that the trial court erred by overruling his motion to suppress. Garcia asserts that the photographic arrays shown to two witnesses were impermissibly suggestive and tended to force identifications of Garcia as the assailant. The State contends that neither the photographic arrays shown to the witnesses nor the procedure employed by the officers displaying the arrays was impermissibly suggestive.

An in-court identification that has been tainted by an impermissibly suggestive pre-trial photographic identification is inadmissible. *Loserth v. State*, 963 S.W.2d 770, 771–72 (Tex.Crim.App.1998). A two-step analysis is applied in determining whether an in-court identification has been tainted. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Loserth v. State*, 963 S.W.2d at 771–72. First, the in-court identification will be admissible if the pre-trial photographic display was not impermissibly suggestive. *Simmons*, 390 U.S. at 384, 88 S.Ct. 967; *Loserth*, 963 S.W.2d at 771–72. Second, if the photographic display was impermissibly suggestive, the in-court identification will still be admissible if the suggestive procedure does not give rise to a very substantial likelihood of irreparable misidentification. *Simmons*, 390 U.S. at 384, 88 S.Ct. 967; *Loserth*, 963 S.W.2d at 771–72. The burden is on the defendant to show by clear and convincing evidence that the in-court identification is unreliable. *Delk v. State*, 855 S.W.2d 700, 706 (Tex.Crim.App.), *cert. denied*, 510 U.S. 982, 114 S.Ct. 481, 126 L.Ed.2d 432 (1993).

The photographic arrays shown in this case were not impermissibly suggestive. The photographs depicted male hispanics with features similar to Garcia. The first array was shown to only one of the witnesses. Garcia's photograph in the first series was the only photograph in that array in which the subject had his tongue slightly out

of his mouth. However, the witness did not make a positive identification at that time. The photograph of Garcia in the second array was substantially different than the photograph in the first array. The photograph in the second array was two years older and was taken when Garcia was arrested on outstanding warrants on an unrelated charge approximately two months after the date the murder was committed. Although one of the photographs in the second array depicted a male who was substantially older, this one photograph did not taint the entire array. Both of the witnesses and the officers who showed the arrays testified that the officers did nothing to influence the witnesses' identification or to suggest that Garcia's photograph should be selected. Garcia failed to show by clear and convincing evidence that the pre-trial photographic display was impermissibly suggestive, and his first point of error is overruled.

### AUTOPSY PHOTOGRAPHS

In his second point of error, Garcia complains that the trial court erred in admitting three autopsy photographs into evidence. Garcia asserts that the photographs should have been excluded because they were cumulative of other photographs and their probative value was substantially outweighed by their prejudicial effect.

We review a trial court's admission of photographs into evidence under an abuse of discretion standard. *Penry v. State,* 903 S.W.2d 715, 751 (Tex.Crim.App.), *cert. denied,* 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). A photograph is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R. EVID. 401; *Penry,* 903 S.W.2d at 751. The identity of the victim and the manner and means of death are facts that are of consequence to the determination of an action. *Penry,* 903 S.W.2d at 751.

The photographs to which Garcia objected at trial were the photographs introduced during the medical examiner's testimony while he was reviewing his autopsy findings regarding the cause of death. The first photo-

graph was used to connect the victim's body with the autopsy case number. The other two photographs depicted the entry wound of the bullet that caused the victim's death and the location where the bullet was lodged just beneath the victim's skin. Only five other photographs of the victim were admitted into evidence. Four of those photographs depicted the victim's body at the murder scene, and the other was a photograph of the victim while he was alive. These other photographs did not directly link the victim to the medical examiner's case number or the medical examiner's findings. The trial court did not abuse its discretion in admitting the photographs into evidence, and Garcia's second point of error is overruled.

### CONCLUSION

The trial court did not err in overruling Garcia's motion to suppress or in admitting the three autopsy photographs. The judgment of the trial court is AFFIRMED.